UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
ALLENTOWN DIVISION

LAKISHA ARRINGTON, ROBERT DRAKE,
SEAN FELDER, LEAH HAGLER, TIFFANY
LEE, ODETTA MILLER, SHANTE
MULKEY, TYANNE THORNTON, and
ZULEIKA TORRES,

                Plaintiffs,

v.

SWEET HOME PRIMARY CARE, LLC, dba
SWEET HOME PRIMARY CARE
SERVICES, a Pennsylvania Limited Liability
Company,

                Defendant.
_____/

CASE NO.: 2:21-CV-02677-GAM

## MEMORANDUM OF LAW

**I.**      **Standard of Review**

"Once a defendant is adjudicated to be in default, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Morgan v. RCL Mgmt., LLC*, No. 18-CV-0800, 2020 WL 3429444, at \*1 (E.D. Pa. June 23, 2020) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688, at 58 (1998); *Thompson v. Wooster*, 114 U.S. 104, 111 (1885)). "The plaintiff bears the burden of proving that they are entitled to recover damages and must substantiate the amount, such as through affidavits or other appropriate evidence." *Id.* (citing *Punter v. Jasmin Int'l Corp.*, No. 12-7828, 2014 WL 4854446, at \*3 (D.N.J. Sept. 30, 2014); *Rochez Bros., Inc. v. Rhoades*, 527 F.2d 891, 894 (3d Cir. 1975)). As to damages, "in considering the amount of damages or the truth of an averment of evidence, the Court may make its determination by conducting a hearing or by receiving

1

detailed affidavits from the claimant." *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (PRATTER, J.) (*citing Durant v. Husband*, 28 F.3d 12, 15 (3d Cir.1994) and *Amresco Financial I L.P. v. Storti*, 2000 WL 284203 (E.D. Pa. Mar.13, 2000)). In granting default judgment based on affidavits submitted, Judge Pratter noted that:

> Under Pennsylvania law there is no requirement that a damage calculation meet a standard of mathematical certainty. *See J.W.S. Delavau v. E. Am. Transp. & Warehousing*, 2002 PA Super 336, P39, 810 A.2d 672 (2002); *see also Vrabel v. Commonwealth*, 844 A.2d 595 (Pa. Cmwlth. 2004) (a party need not quantify damages to a mathematical precision). Rather, a reasonable calculation should be made by looking at the evidence and the affidavits submitted by the moving party. *See J & J Sports Prods. v. Roach*, 2008 U.S. Dist. LEXIS 109055 (E.D.Pa. July 8, 2008); *Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027 (1980).

> *Id.*

## II.    Defendant is Liable for Plaintiffs' Damages.

The FLSA requires an employer, as defines in the Act, to pay no less than the applicable minimum wage for each hour worked and overtime wages at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206 and 207(a)(1). As established by the Third Circuit, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (citations omitted). "Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In defaulting, the Defendant here has admitted that Plaintiffs worked for Defendant as hourly paid employees. D.E. 1, at ¶¶ 7-8. Defendant also admitted that they are covered by the

2

FLSA. *Id.* at ¶¶ 8-9. Additionally, Defendant admitted that Plaintiffs regularly worked over forty (40) hours per week and that they failed to pay Plaintiff proper overtime compensation for all hours worked over forty (40) each week. *Id.* at ¶¶ 19-20, 23.

In light of the foregoing, Plaintiffs, Arrington, Drake, Felder, Hagler, Lee, Miller, and Torres have established each of the elements necessary to prove Defendant violated the FLSA. They have established (1) they were employed by Defendant; (2) they were employees covered by the FLSA; (3) as a result of being covered by the FLSA, they were entitled to regular hours and overtime compensation; (4) They worked overtime hours; (5) they were not paid overtime compensation for all overtime hours worked; and (6) Defendant's actions were willful. As such, these FLSA Plaintiffs have established that Defendant is liable for failure to comply with the FLSA, and is obligated to pay their damages for said violations.

Two Plaintiffs, Mulkey and Thornton, do not have claims under the FLSA. Rather, their claims are for breach of contract, and failure to pay wages under the Pennsylvania Wage Payment and Collection Law ("WPCL"). They have alleged in the Complaint that Defendant contracted with them, and promised to pay them a specified rate for their work (Mulkey $500 per week, and Thornton $12.50 per hour). *See* D.E. 1 at ¶¶ 15, 16, 17. They further alleged that they were not paid for this work at the end of their employment. *Id.* at ¶ 25. The WPCL is a statutory remedy for failure to pay wages due pursuant to a contract. *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726, 7330734 (M.D. Pa. 2007). Plaintiffs Mulkey and Thornton have established that Defendant breached their contracts, and failed to pay them earned wages due under those contracts, entitling them to damages.

## III.    Plaintiffs' Damages.

### A.    *Plaintiffs' Unpaid Wages*

The Third Circuit has established that under the FLSA, where "the employer's records are inadequate, the employee need only introduce enough evidence to support a reasonable inference of hours worked." *Williams v. Tri-Cty. Growers, Inc.*, 747 F.2d 121, 128 (3d Cir. 1984). In light of the remedial purposes of the FLSA, plaintiffs can satisfy this burden "through estimates based on his own recollection." *Qu Wang*, 2018 WL 1027446, at *4 (citing Davis, 765 F.3d at 241); *see also Haluska v. Advent Commc'ns, Inc.*, No. 2:13-CV-1104, 2014 WL 5823105, at *4 (W.D. Pa. Nov. 10, 2014).

As to the non-FLSA claims, Plaintiffs Thornton and Mulkey are equally entitled to present evidence of their damages through affidavits. *See, e.g., E. Elec. Corp. of New Jersey*, 652 F. Supp. at 605.

In this case, Plaintiffs (excepting Lee, whose signed affidavit remains to be received and submitted) have submitted details of the exact units of work they performed, and the exact rate at which those units were to be paid. They have further averred that they were not paid those amounts. Despite these amounts also being set forth in the Complaint, Defendant has not contested the amounts owed. The Court would not derive more from a hearing as to the straightforward amount of these damages than that which it gains through Plaintiffs' Affidavits. Plaintiffs should be awarded damages in the amounts sought.

B.      *Plaintiffs' Liquidated Damages as to FLSA Claims.*

Any employer who violates the overtime and minimum wage provisions of the FLSA "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b)). The Court, in its sound discretion, may withhold or reduce the amount of liquidated damages, but only if "**the employer** shows . . . that the act or omission giving rise to such action

4

was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Brooks v. Vill. of Ridgefield Park*, 185 F.3d 130, 137 (3d Cir. 1999) (emphasis added). If the employer fails to comply with the proof requirements, an award of liquidated damages is "mandatory." *Id.* at 133.

In this case, in failing to answer the Complaint, not only has Defendant failed to demonstrate good faith, but, in fact, has admitted that it did not have a good faith basis for its failure to comply with the FLSA, and this failure to comply was intentional and willful. *See* D.E. 1, at ¶¶ 29. As such, Defendant is liable to pay liquidated damages in an additional amount equal to the amount of Plaintiffs' unpaid wages in overtime weeks. Due to the fact that Plaintiffs have presented sufficient evidence to show the amount of work performed and the amount of damages owed, no hearing is necessary.

C.    *Plaintiffs' Attorneys' Fees and Costs.*

The FLSA authorizes an award of attorneys' fees and costs to the prevailing Plaintiff in any proceeding to enforce its provisions. In such cases, a prevailing plaintiff's attorney's fee is mandatory. 29 U.S.C. § 216(b) ("The court in such action **shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.) (emphasis added). In order to have "finally prevailed," a party must have obtained either a judgment on the merits or reached a settlement agreement that was enforced through a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Human Resources*, 532 U.S. 598, 607 (2001). The instant case was a proceeding to enforce the provisions of the FLSA. Therefore, should this Court grant a Default Judgment against Defendant, Plaintiffs will be the prevailing party in this matter and an award for their attorneys' fees and costs incurred is mandatory.

5

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The result of this computation is called the lodestar. The lodestar is strongly presumed to yield a reasonable fee." *Id.* Pursuant to the lodestar analysis, "time expended is considered 'reasonable' if the work performed was 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Pennsylvania v. Del. Valley Citizens' Counsil for Clean Air*, 478 U.S. 546, 560-561 (1986).

Applying this rubric to the instant case, the result weighs in favor of the hours claimed by Plaintiffs' counsel. Attached to this Motion as **Exhibit "J"** is the Affidavit of Plaintiff's Counsel, Angeli Murthy, Esq. The Affidavit contains a certification that the Affiant has fully reviewed the time records that support data for the Affidavit, and that the hours claimed are well grounded and in fact justified. The firm's time records show that 8.60 hours of attorney time was spent in the litigation of this matter. (Attached as **Exhibit "1"** are Plaintiff's Counsel's time records). There are no examples of excessive time being spent on specific tasks; all tasks in the attorney fees affidavit are for work which would be normally billed to a paying client; there are no duplicated services; and none of the time billed was nonproductive. As such, the hours sought by Plaintiffs' Counsel are reasonable.

A reasonable hourly rate is calculated "according to the prevailing market rate in the community." *Washington*, 89 F.3d at 1035. The fee schedule established by Community Legal Services, Inc. ("CLS") "has been approvingly cited by the Third Circuit as being well developed . . . and a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*,

256 F.3d 181, 187 (3d Cir. 2001). A copy of the current CLS fee schedule can be found at https://clsphila.org/about-community-legal-services/attorney-fees/ and is attached as **Exhibit "3."** According to the current CLS fee schedule, a reasonable rate for an attorney with sixteen (16) to twenty (20) years of experience is between $475 and $530 per hour. The rate requested is in line with the fee schedule provided by CLS and otherwise a fair reflection of the prevailing market rate for attorneys with comparable skill, experience, and reputation.

In the instant case, Plaintiffs are being represented by the undersigned counsel who is seeking an hourly rate of $500 per hour for work performed in this case. Among other qualifications, Plaintiffs' counsel is a shareholder of Morgan & Morgan, P.A., one of the largest Plaintiff's law firms in the country, and is Board Certified by the Florida Bar as an expert in Labor & Employment Law. *See* Ex. J, at ¶ 1. She serves on the executive counsel of the Florida Bar's Labor & Employment Section, and is a frequent lecturer on topics related to employment law. *Id.* at ¶ 5. Prior to joining Morgan & Morgan over ten years ago, she worked for over five years in the Labor & Employment Practice Group at Morgan, Lewis & Bockius, LLP, in Philadelphia before transferring to Morgan Lewis' Miami. *Id.* at ¶ 6. In addition, Plaintiffs' Counsel has been a licensed attorney for over 18 years, placing Plaintiffs' years of experience at the middle of the 16-20 years bracket of $475-530. *See id.*, at ¶ 9. As such, the hourly rate requested in this case for Plaintiff's Counsel is reasonable.

In total, Plaintiffs have incurred $5,800.00 in attorneys' fees in litigating this case. *See* Ex. J. Plaintiffs have also incurred taxable costs of $802.00 (filing fees and service of process). Attached as **Exhibit "4"** is Plaintiffs' Counsel's cost ledger. By executing this Motion, counsel for Plaintiffs certifies that she has fully reviewed the supporting data in support of such Motion and that this Motion is well grounded in fact and is justified. Respectfully, the total awarded for

Morgan & Morgan, P.A. should be $6,602.00, in attorneys' fees and costs.

## CONCLUSION

WHEREFORE, Plaintiffs, LAKISHA ARRINGTON, ROBERT DRAKE, SEAN FELDER, LEAH HAGLER, TIFFANY LEE, ODETTA MILLER, SHANTE MULKEY, TYANNE THORNTON, and ZULEIKA TORRES, request the entry of a Final Judgment in their favor and against Defendant, SWEET HOME PRIMARY CARE, LLC, in the following amounts:

1.  LAKISHA ARRINGTON $6,032.00.

2.  ROBERT DRAKE $6,272.00.

3.  SEAN FELDER $10,625.00.

4.  LEAH HAGLER $3,420.00.

5.  TIFFANY LEE $6,086.40.

6.  ODETTA MILLER $6,160.00.

7.  SHANTE MULKEY $1,500.00.

8.  TYANNE THORNTON $1,750.00.

9.  ZULEIKA TORRES $5,364.00.

10. Morgan & Morgan, P.A.: $6,602.00.

and for any other relief that is just and appropriate.

DATED this 8th day of June, 2022.

Respectfully Submitted,

**/s/ ANGELI MURTHY**
Angeli Murthy, Esquire
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268

8

Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8th, 2022, I electronically filed the foregoing with the

Clerk of the Court by using CM/ECF and served a copy by regular U.S. Mail on Defendant as

follows:

SWEET HOME PRIMARY CARE, LLC
Attn: Clenesia Curry
8161 Euglid Ave.
Cleveland, OH 44103

SWEET HOME PRIMARY CARE, LLC
426 E. Allengheny Ave. Unit 1W
Philadelphia, PA 19134

                              **/s/ ANGELI MURTHY**
                              ANGELI MURTHY, ESQ.

9