IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAKISHA ARRINGTON,** *et al.* : <br> : <br> **v.** :    **CIVIL ACTION NO. 21-2677** <br> : <br> **SWEET HOME PRIMARY CARE, LLC,** : <br> d/b/a **SWEET HOME PRIMARY CARE** : <br> **SERVICES** | |

**McHUGH, J.**                                                                 **August 24, 2022**

**MEMORANDUM**

Plaintiffs, former employees of Defendant, having obtained an entry of default by the Clerk of the Court, now move the Court for default judgment pursuant to Rule 55(b) against Defendant Sweet Home Primary Care, LLC for its failure to appear or answer the Complaint. Based on Plaintiffs' submissions, I conclude that they have adequately alleged violations of the Fair Labor Standards Act and the Pennsylvania Wage Payment and Collection Law, that they have served the Defendant in accordance with the Federal Rules of Civil Procedure, that judgment by default is appropriate here, and that, as to all but one Plaintiff, they have shown sufficient evidence to support their requested damages. I will therefore grant the motion in part.

**I.**     **Background**

Plaintiffs worked for Defendant Sweet Home Primary Care, LLC as hourly paid Home Health Aides. Compl. ¶¶ 7-8, 14-18. Plaintiffs allege that they regularly worked over forty hours per week. *Id.* at ¶¶ 19-20. Plaintiffs allege that in some instances they were not paid proper overtime compensation for all hours worked over forty each week and, in other instances, they were not paid for regular hours worked. *Id.* at ¶¶ 19-20, 23. Some of the Plaintiffs are covered under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. *Id.* at ¶¶ 8-9. The two

Plaintiffs who do not have claims under the FLSA bring claims for breach of contract pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1 *et seq.*, to collect wages. *Id.* at ¶¶ 48-56.

Plaintiffs filed this action seeking compensation owed under the FLSA and the WPCL. ECF 1. On July 29, 2021, Plaintiffs effected personal service on Defendant. ECF 7. On November 5, 2021, over twenty-one days after service, the Clerk entered a default at Plaintiffs' request. Plaintiffs now seek judgment pursuant to Rule 55(b). ECF 5. Plaintiffs have supplemented their original motion with more complete versions of the proof of service. ECF 7.

## II.     Discussion

### A. Service

Plaintiff may serve a corporation or limited liability company either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or by following Pennsylvania state service law, Fed. R. Civ. P Rule 4(h)(1)(A) (incorporating Rule 4(e)(1)). The Pennsylvania Rules of Civil Procedure permit service permit service on "corporations and similar entities," such as an LLC,[1] by service upon "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity." Pa. R. Civ. P. 424. In the event that a corporation does business within the state so as to meet the jurisdictional requirements necessary for amenability to suit in Pennsylvania, the Pennsylvania Rules of Civil Procedure provide for service outside of Pennsylvania. 42 Pa. C. S.

---

[1] Pa. Rule 424 addresses service rules for "Corporations and Similar Entities." Pa. Rule 2176 defines "corporation or similar entity" to include limited liability companies.

§ 5322. These methods include "in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction." Pa. R. Civ. P. 404. The law of the jurisdiction where service was made, Ohio, provides that service may be made upon an LLC by serving "a manager or member" of the LLC. Ohio Civ. R. 4.2(G).

Here, upon review of Plaintiffs' supplemental filing in support of the validity of service, I find that Plaintiffs have successfully served the Defendant. Defendant Sweet Home Primary Care, LLC is a Pennsylvania Limited Liability Company, and is engaged in business in Pennsylvania. Compl. ¶ 6. Plaintiffs attach an affidavit of service affirming that personal service was made to Ms. Cleneshia Curry, who was a Manager and Authorized Agent for Sweet Home Primary Care, LLC "in charge of the regular business or activity of Sweet Home Primary Care, LLC" at 8061 Euclid Avenue, Cleveland, Ohio 44103. Affidavit, Ex. A, ECF 7-1. Thus, service has been accomplished.[2]

B. The Sufficiency of Plaintiff's Legal Claim and Supporting Allegations

"When a defendant fails to appear … , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d

---

[2] The Court's Order requesting additional documentation related to the validity of service also identified certain discrepancies in spelling. ECF 6. In Response, Plaintiffs state that Ms. Curry's name and the company's street address were misspelled in subsequent certificates of service due to a scrivener's error. Notice, ECF 7 at 2. The motions in question were also served to Defendant's Pennsylvania address. *Id*. Plaintiffs state that, "to cure any potential prejudice from service of the motion for clerk's default and final default to the wrong address in Cleveland, Plaintiff served by mail on August 5, 2022, a copy of [the motions with all exhibits] to the correct address in Cleveland." *Id*. at 2-3; *see also* ECF 7, Ex. B (copy of mailing). To date, Defendant has still not entered an appearance or responded in any way.

Cir. 1990) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (2d ed.)).  It therefore remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.  *Int'l Union of Operating Engineers v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (4th ed.)).

Plaintiffs Lakisha Arrington, Robert Drake, Sean Felder, Leah Hagler, Tiffany Lee, Odetta Miller, and Zuleika Torres have sufficiently alleged violations of the FLSA.  The FLSA requires employers to pay no less than the applicable minimum wage for each hour worked and overtime wages at a rate of one and a one-half times the employee's regular rate of pay for hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(a)(1).  Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id.* § 216(b).  To state a "plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (internal quotation marks and citation omitted)

Here, Plaintiffs allege that they worked for Defendant as hourly paid employees covered by FLSA.  They further allege that they regularly worked over forty hours per week and were not paid proper compensation for all hours worked over forty each week.  Therefore, Plaintiffs have established that the Defendant violated the FLSA.

Plaintiffs Shante Mulkey and Tyanne Thornton have established claims for breach of contract and failure to pay wages under the WPCL.  Under Pennsylvania law, "[i]t is well-established that three elements are necessary to plead a cause of action for breach of contract: (1)

the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). The WPCL does not create a right to compensation; it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. *De Asencio v. Tyson Foods, Inc*., 342 F.3d 301, 309 (3d Cir. 2003) (citing *Antol v. Esposto*, 100 F.3d 1111, 1117 (3d Cir. 1996)). The contract between the parties governs in determining whether specific wages are earned. *Id.*

Here, The Plaintiffs have alleged the existence of a contract and its breach, thus entitling them to damages. They have alleged that the Defendant contracted with them and promised to pay them a specific rate: $500 per week for Mulkey and $12.50 per hour for Thornton. *See* Compl. ¶¶ 15-17. They allege that they were not paid for this work at the end of their employment. *Id*. ¶ 48-56.

### C. The Determination to Grant Default Judgment

In addition to ascertaining that Plaintiffs' Complaint constitutes a legitimate cause of action, I must also exercise my discretion in deciding whether it is appropriate to grant default judgment against the Defendants pursuant to Rule 55(b) for failing to answer the Complaint. *Hritz v. Woma Corp*., 732 F.2d 1178, 1180 (3d Cir. 1984). In exercising its discretion, the Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

After analyzing these three factors here, I conclude that default judgment is appropriate. First, Defendants owe unpaid wages to Plaintiffs and have not appeared in Court to answer the Complaint or respond to this motion. Any delay in adjudication will necessarily prejudice

Plaintiffs' right to the monies owed, particularly when there is no indication, despite adequate notice, that they intend to defend against these proceedings.  Second, it is not obvious that the Defendant has a litigable defense.  The Defendant received Plaintiffs' services and failed to pay.  For the third factor, Defendant has neither engaged in this litigation process nor offered any reason for its failure to appear.  Having reviewed the filings, I am satisfied that the Defendant was properly served, and the lack of a response to the Complaint or this motion is fairly attributable to the Defendant's own conduct.

### D. The Calculation of Damages

Finally, in awarding damages on a default judgment where the defendant has failed to answer or appear, I may not simply take the factual allegations regarding damages in the complaint as true.  *Comdyne I, Inc.*, 908 F.2d at 1149.  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence."  *Cement & Concrete Workers Dist. Council Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).  Whether the evidence contained in affidavits and documents in the record is sufficient to establish damages or whether a hearing, investigation, or other form of account is necessary is a matter of discretion for the Court.  Fed. R. Civ. P. 55(b).

Plaintiff has submitted documentary evidence through the Complaint itself, ECF 1, as well as affidavits from each Plaintiff, ECF 5, Ex. A-I.   They request the following sums in damages:

1. Plaintiff Arrington in an amount of $3,016.00, plus an equal amount of liquidated damages, for a total of $6,032.00.  *See* Ex. A.

2. Plaintiff Drake in an amount of $3,136.00, plus an equal amount of liquidated damages, for a total of $6,272.00.  *See* Ex. B

3. Plaintiff Felder in an amount of $5,312.50, plus an equal amount of liquidated damages, for a total of $10,625.00. *See* Ex. C.

4. Plaintiff Hagler in an amount of $1,710.00, plus an equal amount of liquidated damages, for a total of $3,420.00. *See* Ex. D.

5. Plaintiff Lee in an amount of $3,043.20, plus an equal amount of liquidated damages, for a total of $6,086.40. *See* Ex. E.

6. Plaintiff Miller in an amount of $3,080.00, plus an equal amount of liquidated damages, for a total of $6,160.00. *See* Ex. F.

7. Plaintiff Mulkey in an amount of $1,500.00. *See* Ex. G.

8. Plaintiff Thornton in an amount of $1,750.00. *See* Ex. H.

9. Plaintiff Torres in an amount of $2,682.00, plus an equal amount of liquidated damages, for a total of $5,364.00. *See* Ex. I.

Defendant has not contested the amounts owed. Moreover, Plaintiffs' affidavits contain details as to the work completed, the agreed-to rate of compensation, and the amount of hours worked without compensation.[3] *See Santiago v. Lucky Lodi Buffet Inc.*, No. CV 15-6147, 2016

---

[3] The following chart summarizes the contents of the affidavits and calculates the wages owed:

| NAME | REG. HOURS OWED | O. T. HOURS OWED | REG. WAGE | REG. WAGES OWED | O.T. OWED | TOTAL WAGES OWED | TOTAL WITH LIQUIDATED DAMAGES |
|---|---|---|---|---|---|---|---|
| Arrington | 160 | 48 | $13.00/hour | $ 2,080.00 | $ 936.00 | $ 3,016.00 | $ 6,032.00 |
| Drake | 160 | 64 | $12.25/hour | $ 1,960.00 | $ 1,176.00 | $ 3,136.00 | $ 6,272.00 |
| Felder | 200 | 150 | $12.50/hour | $ 2,500.00 | $ 2,812.50 | $ 5,312.50 | $ 10,625.00 |
| Hagler | 120 | 15 | $12.00/hour | $ 1,440.00 | $ 270.00 | $ 1,710.00 | $ 3,420.00 |
| Lee* | 120 | 48 | $15.85/hour | $ 1,902.00 | $ 1,141.20 | $ 3,043.20 | $ 6,086.40 |
| Miller | 200 | 72 | $10.00/hour | $ 2,000.00 | $ 1,080.00 | $ 3,080.00 | $ 6,160.00 |
| Mulkey | 3 weeks | n/a | $500/week | $ 1,500.00 | | $ 1,500.00 | |
| Thornton | 140 | n/a | $12.50/hour | $ 1,750.00 | | $ 1,750.00 | |
| Torres | 120 | 69 | $12.00/hour | $ 1,440.00 | $ 1,242.00 | $ 2,682.00 | $ 5,364.00 |

7

WL 6138248, at *3 (D.N.J. Oct. 21, 2016) ("In light of the FLSA's remedial purposes, an employee can meet his burden to establish that he performed work for which he was not properly compensated "through estimates based on his own recollection.""); *see also Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir.2011) ("It is well settled among the district courts of this Circuit, and we agree, that it is possible for a plaintiff to meet this burden through estimates based on his own recollection.").

Each of the affidavits, except Plaintiff Tiffany Lee's affidavit, is signed. For the signed affidavits, I find that Plaintiffs are entitled to the damages in the amounts sought. Plaintiffs' counsel states that they will supplement Ms. Lee's affidavit with a signed affidavit when it is available but have not yet done so. Until such time as Ms. Lee signs the affidavit, damages may not be awarded to her, as there is an insufficient evidentiary record as to the damages due to her.

The FLSA also provides for liquidated damages in the same amount as an employee's actual damages. 29 U.S.C. § 216(b). An employee is entitled to liquidated damages unless the employer shows its actions were "in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA. *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 187 (3d Cir. 1988) (citing 29 U.S.C. §§ 216(b), 260). As the Defendant has failed to appear, and has not presented any evidence regarding good faith, the Court will award liquidated damages to the plaintiffs. *See Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991)) (awarding liquidated damages to the plaintiff because a "defendant employer's burden of proof [to show good faith and reasonable grounds to violate the FLSA] is a difficult one to meet," "[d]ouble damages are the norm, single damages the exception," and the defendants did not present any evidence regarding any good faith attempt to comply with the law).

---

*The Lee Affidavit is unsigned.

Finally, in addition to costs of suit, the FLSA directs that "court shall . . . allow a reasonable attorneys' fee to be paid by the Defendant, and costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The Third Circuit uses a "lodestar" approach for calculating fees in FLSA cases. *See Souryavong v. Lackawanna County*, 872 F.3d 122, 128 (3d Cir. 2017) (in an FLSA case, explaining that the lodestar approach, where "the number of hours worked multiplied by the prevailing hourly rate," carries a strong presumption of reasonableness).

Here, I find the costs requested are appropriate. Plaintiffs' counsel has provided an affidavit indicated that she billed 11.6 hours at a rate of $500, totaling $5,800. Time Sheet, Ex. 1, ECF 5-13. I find the hours expended and the hourly rate to be reasonable. Plaintiffs' counsel has been a licensed attorney for over eighteen years. Murthy Affidavit, Ex. J, ECF 5-12. The Community Legal Services fee schedule lists a reasonable rate for an attorney with sixteen to twenty years of experience as between $475 and $530 per hour. CLS Schedule, Ex. 3, ECF 5-12; *see Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001) ("The fee schedule established by [CLS] has been approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia." (quotation marks and citation omitted). Plaintiffs have also incurred costs of $802.00. Murthy Affidavit, ¶ 10, Ex. J. I conclude that this fee request is reasonable for the present action and sufficiently documented, so I will grant Plaintiff's request as to costs and fees in the amount of $6,602.

### III. Conclusion

For these reasons, Plaintiff's motion for default judgment will be granted as to all Plaintiffs except Plaintiff Tiffany Lee.

        /s/ Gerald Austin McHugh
        United States District Judge